# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| TOMMY LEE WILLIAMS, HENRIETTA WILLIAMS, LAQUANA BENIMAN, BRIAN JAMAR WILLIAMS, DEWAYNE JERMAINE WILLIAMS, and LATREKA M. EDWARDS, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.  CV409-107 |
| BRYAN COUNTY, a Political Subdivision of the State of Georgia, CITY OF PEMBROKE, a Political Subdivision of the State of Georgia, CLYDE SMITH, Individually and as Sheriff of Bryan County; MARK CROWE, Individually and as a Deputy Sheriff of Bryan County and as the Chief of Police of Pembroke Police Department; CLEVE WHITE, Individually, as a Deputy Sheriff of Bryan County and as a Police Officer of the Pembroke Police Department; and SUSAN CARRINGTON, Individually, and as a Deputy Sheriff of Bryan County, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

On June 18, 2009, black residents from Bryan County, Georgia filed this 42 U.S.C. § 1983 case against the County, one of its cities (Pembroke), the County's sheriff, Pembroke's police chief, and four county deputy sheriffs.  Doc. 1.  They allege that they are poor rural residents who

gathered near lead plaintiff Tommy Lee Williams to support him (*e.g.*, by using cameras to document excessive force) against verbally and physically abusive white sheriff's deputies, and then they were wrongfully threatened with arrest (or arrested) on false charges.[1] *Id.* ¶¶ 16-36; *see also* ¶ 33. They allege that "[t]his action arises under the Constitution of the United States[,] particularly under the provisions of the *Fourteenth* Amendment to the Constitution of the United States, and under Federal Law, particularly the Civil Rights Act, [42 U.S.C. § 1983]." *Id.* ¶ 2 (emphasis added).

On September 10, 2009, the Court entered a Scheduling Order requiring that all Amended Pleadings be filed by the next day, September 11, 2009. Doc. 20. This was consistent with Local Rule 26.1:

---

1.  On this point, which goes to standing, the plaintiffs are vague. *See* doc. 1 ¶ 36 ("In order to cover up the crimes committed by these Officers, they *began* to place the Plaintiffs under arrest for baseless charges, such as terroristic threats and obstructing a police officer.") (emphasis added). They then allege that Williams's grandmother "was charged with obstructing a police officer when she expressed concern for the welfare of her grandson." *Id.* ¶ 37. Yet, the rest of the Complaint speaks almost exclusively of Williams's arrest and incarceration, suggesting that the police opted to *not* charge anyone else once the tense encounter subsided. On the other hand, the very last paragraph of their Complaint seeks punitive damages for covering up the "unlawful arrest of the Plaintiffs during the events described above...."). *Id.* ¶ 54; *see also* doc. 24 at 4-5 (Status Report mentioning only Williams's arrest). The defendants, unsurprisingly, provide a dramatically opposite account, though they affirm that others in fact were arrested. *Id.* at 6.

(a) The parties shall confer as provided in Fed. R. Civ. P. 26(f) by the earlier of (i) 21 days after the filing of the last answer of the defendants named in the original complaint[2] or (ii) 45 days after the first appearance by answer or motion under Fed. R. Civ. P. 12 of a defendant named in the original complaint.

L.R. 21(a) (footnote added).

Under L.R. 21(c), the Court enters a Scheduling Order "[u]pon receipt and review of the parties' written report, and within the time set by Fed. R. Civ. P. 16(b)...." *Id.* The parties' "Rule 26(f) Scheduling Report," filed July 23, 2009, acknowledged that they had 60 days after the issue was joined (last answer filed) within which to file any amended complaints. *Id.* at 3 ¶ 8. With the last Answer filed on July 13, 2009, doc. 15, plaintiffs thus had until September 11, 2009 to file any amendments. The Scheduling Order simply reflected that fact. Doc. 20.

Plaintiffs, however, neither sought to amend that deadline in their Rule 26(f) report or an independent motion, nor filed their Amended Complaint (to add state law claims) by the due date. Instead, they submitted it on October 2, 2009. Doc. 21 (Amended Complaint); doc. 24 at 7 ¶ 10. Worse, they did so without authority because they had failed to seek leave to amend under Fed. R. Civ. P. 15(a)(2). Unsurprisingly, the

_____

[2] In this case, that occurred on July 13, 2009. Doc. 15.

defendants move to dismiss the Amended Complaint, arguing that plaintiffs failed to seek leave to amend, it is untimely, and they have failed to demonstrate good cause. Doc. 23-1 at 2. In response, plaintiffs move for an extension of time within which to file their amendment "to add claims for violation of the *Fourth* Amendment and O.C.G.A. § 51-7-1[,] which was filed on October 2, 2009." Doc. 27 at 2.[3]

"A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed.R.Civ.P. 16(b)." *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241-42 (11th Cir. 2009) (per curiam) (affirming district court's finding that plaintiff's attempt to amend outside of scheduling order deadline lacked good cause where plaintiff failed to seek information before discovery closed); *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (upholding district court's denial of the plaintiff's motion to amend her complaint; her failure to comply with the court's scheduling order resulted from a "lack of diligence in pursuing her claim."); Fed. R. Civ. P.

---

3. The Court notes that the Amended Complaint makes no explicit mention of the Fourth Amendment, only "false arrest" and O.C.G.A. § 51-7-1. Doc. 21; *see also* doc. 24 (Status Report) ¶ 10. The original Complaint likewise does not explicitly mention the Fourth Amendment, though plaintiffs generally plead that defendants violated their federal constitutional and federal statutory rights. Doc. 1 at 3 ¶¶ 2, 3.

16(b)(4).  Elaborating further on "diligence," the *3M* court explained:

> The lack of diligence that precludes a finding of good cause is not limited to a plaintiff who has full knowledge of the information with which it seeks to amend its complaint before the deadline passes. That lack of diligence can include a plaintiff's failure to seek the information it needs to determine whether an amendment is in order. *Cf. Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir.2008) (explaining that a plaintiff did not establish good cause by stating that it did not know about the jurisdictional defects of its claims until notified of those defects by the district court after the deadline for amending pleadings).

*3M*, 575 F.3d at 1241 n. 3.  Under-enforcement of Rule 16(b), of course, would "render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."  *Sosa*, 133 F.3d at 1419, quoted in *King v. Hutcheson*, 2009 WL 3299818 at * 4 (M.D.Ga. Oct. 9, 2009); *see also id.* at * 3-4 (barring, under Rule 16(b), plaintiffs motion to amend to add a party well after the deadline for amendments, and some six weeks after defendant moved for summary judgment; no new facts had arisen that change the nature and extent of the defendant's alleged liability, and no reasonable diligence had been shown).

The Court agrees with the defendants (doc. 23-1 at 4-5) that the only new fact that appears in the Amended Complaint is evidently the same court hearing (where a defendant -- Mark Crowe -- is alleged to have made

an admission that legally supports plaintiffs' claims) detailed in ¶¶ 45-46 of the original complaint.  *See* doc. 1 ¶¶ 45-46; doc. 21 at 2 ¶¶ 55-56. Plaintiffs' counsel more or less concedes as much:

> The Defendants have claimed that they intend on disposing of this case on summary judgment but no motions have yet been filed at this point.  However, Plaintiffs' counsel began preparing for these motions.  It was during *this research* that counsel discovered that Defendants may attempt to argue that Plaintiffs' only remedy is under the Fourth Amendment if the malicious prosecution or abuse of process that result in the arrest was committed by state actors.[4]  Therefore, if the Defendants should somehow obtain summary judgment on the § 1983 claim, allowing the Amendment would permit Plaintiffs to proceed with the claim that forms the basis for their suit.

---

4. Here the plaintiffs have alleged, in both their original and amended Complaint, excessive force, false arrest and malicious prosecution. Doc. 1, 21.  "Any claim that a law enforcement officer used excessive force-whether deadly or not-during a seizure of a free citizen must be analyzed under the Fourth Amendment's 'reasonableness' standard. *Graham v. M.S. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989) (quotation marks omitted)." *Garczynski v. Bradshaw*, 573 F.3d 1158, 1166 (11th Cir. 2009); *see also Mann v. Taser Intern., Inc.* ___ F.3d ___, 2009 WL 4279713 at * 8 (11th Cir. Dec. 2, 2009) (The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest); *Oliver v. Fiorino*, 586 F.3d 898, 905 (11th Cir. 2009) ("We analyze a claim of excessive force under the Fourth Amendment's "objective reasonableness" standard. *Graham*, 490 U.S. at 388, 109 S.Ct. 1865.").

False arrest/prosecution-based claims are also analyzed under the Fourth Amendment.  *See Angeline v. City of Hoover, Ala.*, 2009 WL 3646082 at * 2-3 (11th Cir. Nov. 5, 2009) (false arrest); *Shaarbay v. Palm Beach County Jail*, 2009 WL 3401423 at * 3 (11th Cir. Oct. 23, 2009) (malicious prosecution); *Garrett v. Stanton*, 2009 WL 4258135 at * 5-6 (S.D. Ala. Nov 19, 2009) (collecting cases); *see also id.* at * 8 ("the essence of . . . a [§ 1983-based, malicious prosecution] cause of action is that the defendant instituted or continued an unfounded criminal prosecution against the plaintiff, with malice and without probable cause, injuring the plaintiff and violating her Fourth Amendment right to be free from unreasonable seizure.").

> Also, Plaintiffs would suffer manifest injustice if their entire suit was dismissed due to failure to specifically plead the underlying claims which form the basis of their § 1983 suit.

Doc. 28 at 4-5 (footnote and emphasis added).  Put another way, he did not research his case properly until defense counsel disclosed a defense which any lawyer, pursuing a civil rights claim, should know about *before* filing a § 1983 case.  That is not diligence.  And that ends the inquiry:

> The schedule may be modified, "only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Also, "when an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed.R.Civ.P. 6(b)(1). "The good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998), (citing Fed.R.Civ.P. 16 advisory committee's note). "If a party was not diligent, the (good cause) inquiry should end." *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)).

*Roberson v. Church*, 2009 WL 4348692 at * 1 n. 3. (M.D. Fla. Nov. 24, 2009).  Plaintiffs' motion to amend, doc. 27, which itself is untimely, therefore is **DENIED**.[5]

Meanwhile, discovery expired on November 30, 2009, and the motions deadline is December 30, 2009.  The defendants move to extend discovery

---

[5] The Clerk shall therefore add this to the docket's "Amended Complaint" (doc. 21) entry: "Declared void by Court Order, doc. ___, entered 12/22/09."

to January 29, 2010, and the motions deadline to February 28, 2010.  Doc. 30.  As good cause for this, they cite the extensive discovery in which they have engaged, including "the disclosure of voluminous documents due the number and nature of the  parties in the action."   Doc. 30 at 2 ¶ 1.  Nineteen eyewitnesses have been deposed, *id*. ¶ 2, but one delayed in the process and during her deposition disclosed another relevant witness, her mother.   *Id*. ¶ 3.   Another witness is still being sought, *id*. ¶ 4, and deposition transcripts will not be available until mid-December. *Id.* ¶ 5.

Plaintiffs oppose the motion, so long as defendants oppose theirs.  Doc. 31. Citing the heavily worn  aphorism that "sauce for the goose is sauce for the gander," *id*. at 2-3; *In Re Six*, 80 F.3d 452, 457 (11th Cir. 1996), they insist that if the Court grants defendants their motion then it should grant plaintiffs their complaint-amendment motion.  *Id*. at 3.

The Court **GRANTS** defendants' motion.  Doc. 30.  This is a "they said, they said" case with a good number of witnesses and, apparently, a parallel state court proceeding.  Doc. 1 ¶¶ 45-46; doc. 21 ¶ 55.  The requested extension here is modest, and it is easy to accept that scheduling that many people to sit down and testify under oath can be time-consuming, let alone spawn divergent quests for other witnesses and evidence.

8

Permitting full development of the issues that *are* before the Court seems appropriate here.

To summarize, the Court **DENIES** the plaintiffs' motion to amend (doc. 27) and **GRANTS** the defendants' motion to extend discovery.  Doc. 30.

This 22nd day of December, 2009.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA