IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2010 SEP 10 AM 11:51

CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| TOMMY LEE WILLIAMS, HENRIETTA WILLIAMS, LAQUANA BENIMAN, BRIAN JAMAR WILLIAMS, DEWAYNE JERMAINE WILLIAMS, and LATREKA M. EDWARDS,<br><br>    Plaintiffs,<br><br>v.<br><br>BRYAN COUNTY, a Political Subdivision of the State of Georgia; CITY OF PEMBROKE, a Political Subdivision of the State of Georgia; SHERIFF CLYDE SMITH, Individually and as Sheriff of Bryan County; MARK CROWE, Individually, as a Deputy Sheriff of Bryan County, and as the Chief of Police of Pembroke Police Department; CLEVE WHITE, Individually, as a Deputy Sheriff of Bryan County, and as a Police Officer of the Pembroke Police Department; and SUSAN CARRINGTON, Individually and as a Deputy Sheriff of Bryan County,<br><br>    Defendants. | CASE NO. CV409-107 |

## O R D E R

Before the Court is Plaintiffs' Motion to Dismiss. (Doc. 39.) Defendants have filed a response. (Doc. 42.) In the motion, Plaintiffs request that, pursuant to Federal

Rule of Civil Procedure 41(a)(2),[1] this Court dismiss with prejudice Plaintiffs' only claims in this case—those arising under the Fourteenth Amendment. (Doc. 40 at 3.) In addition, Plaintiffs ask that "[a]ll other claims of any kind should be dismissed without prejudice." (Id.) Defendants agree that Plaintiffs have only alleged claims under the Fourteenth Amendment and do not object to the Court dismissing these claims with prejudice. (Doc. 42 at 1-2.) Therefore, Plaintiffs' motion is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.

To the extent Plaintiff seeks to dismiss "[a]ll other claims of any kind . . . without prejudice" (Doc. 40 at 3), the Court is confused by this request. It is, of course, axiomatic that the Court lacks the power to dismiss claims that have not been presented to it for adjudication. According to their briefs, all parties agree that Plaintiffs only raised claims under the Fourteenth Amendment, which the Court has dismissed at Plaintiffs' request. Therefore, the Court is unable to dismiss "[a]ll other claims of any kind" (id.), without prejudice or

---

[1] Pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

otherwise.[2] The **Clerk of Court** is **DIRECTED** to **close this case**.[3]

SO ORDERED this 10th day of September 2010.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court takes no position on whether Plaintiffs' decision to voluntarily dismiss their Fourteenth Amendment claims with prejudice affects their ability to later bring any other claims stemming from the alleged actions of Defendants that formed the basis of their claims in this case.

[3] Defendants' Motion for Judgment on the Pleadings (Doc. 36) and Motions for Summary Judgment (Docs. 44, 45) are **DISMISSED AS MOOT**.